UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00387-KJM |
| Plaintiff, | |
| v. | ORDER |
| MATHEW SARAD, | |
| Defendant. | |

Defendant Mathew Sarad, a federal prisoner proceeding *pro se*, has filed a motion seeking "either Habeas Corpus relief" or "an emergency preliminary injunction," alleging the Bureau of Prisons "has implemented a policy" that extends his time in confinement at Atwater Federal Prison. Mot., ECF No. 140. The United States opposes. Opp'n, ECF No. 142. The court DENIED the motion in a minute order docketed on December 28, 2017, and now explains the reasons for its denial below.

I. <u>BACKGROUND</u>

On August 6, 2014, Sarad pled guilty to one count of securities fraud in violation of 15 U.S.C. §§ 77q(a) and 77x. ECF Nos. 58, 61, 63. On August 26, 2015, he was sentenced to 48 months in prison with 36 months of supervised release. ECF Nos. 100, 101. He began serving his sentence on January 4, 2016, with his full term set to end on December 31, 2019. ECF No. 101 (amended to reflect restitution ordered by ECF No. 133). Based on good-time conduct and a

1

365-day sentence reduction, Sarad is eligible for early release on June 27, 2018. Immormino Decl., ECF No. 142-1, ¶¶ 3, 9; *see also* Ex. 1, ECF No. 142-2 at 2-4[1] (Sarad's inmate data). As of the time of the government's filing, Sarad was scheduled to be released from prison and placed in a halfway house on January 4, 2018. Immormino Decl. ¶ 10; Ex. 7, ECF No. 142-2 at 25 (Sentry Inmate Assignment).

Sarad filed this motion on December 12, 2017, arguing the Bureau of Prisons issued an October 30, 2017 memorandum that changed his release date and extended his time in prison. Mot. at 11-12. He seeks a court order enjoining this change. *Id*. On December 18, 2017, the United States filed an opposition explaining no such memorandum exists and explaining Sarad's release date remains unchanged. Opp'n at 2. Sarad had until December 20, 2017, to file a reply, but none was filed. *See* Min. Order, ECF No. 141 (setting briefing deadlines).

II. HABEAS RELIEF

Sarad styles his motion as a petition for habeas relief. *See* Mot. at 3-4, 11-12. He does not challenge his sentence; he challenges the Bureau of Prison's "October 30, 2017 Memorandum" that allegedly reduced how much of his sentence he can serve in a halfway house. *Id*. at 4.

The court has no record of this alleged memorandum. Sarad did not attach any declaration or evidence explaining where the memorandum can be found; he did not attach the alleged memorandum; and he did not attach any other documentary evidence about the alleged change in release date. *See generally* ECF No. 140. The United States represents no such memorandum exists. Opp'n at 2. The United States has also filed evidence showing Sarad's release date remains unchanged. *See* Immormino Decl. ¶¶ 1, 10 (sworn declaration from a Residential Reentry Assistant for the Federal Bureau of Prisons declaring no such record exists); Sentry Inmate Assignment (showing Sarad still scheduled to be placed in halfway house beginning January 4, 2018). This evidence flatly contradicts Sarad's unsupported assertion that
/////

---

[1] Page references are to those assigned by the court's ECF system, unless otherwise noted.

his release date has been altered. Sarad did not file a reply brief. No evidence supports Sarad's request.

Sarad's habeas petition cannot succeed for another, separate reason. Through his plea agreement, Sarad expressly waived his right to challenge any aspect of his prison sentence. Plea Agm't, ECF No. 63, at 10 (agreeing that "regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims."). His broad waiver encompasses a challenge to the terms and details pertaining to his early release. *See Davies v. Benov*, No. 115CV00275MJSHC, 2015 WL 5813640, at *3 (E.D. Cal. Sept. 30, 2015), *aff'd*, 856 F.3d 1243 (9th Cir. 2017).

Sarad's motion is DENIED to the extent it is styled as a habeas petition.

III. EMERGENCY INJUNCTION

Sarad also styles his motion as a request for an emergency injunction preventing any changes to his January 4, 2018 release date to a halfway house. Mot. at 12-13. An emergency injunction is an extraordinary remedy, *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), for which the movant has the burden of proving, among other things, that without the injunction he is "likely to suffer irreparable harm[.]" *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Here, Sarad again argues an October 30, 2017 memorandum has the effect of prolonging his prison sentence by altering his January 4, 2018 halfway house assignment date. Mot. at 4. Yet as explained above, the record contains no evidence of this memorandum or any alteration to his halfway house assignment date. Rather, the unrebutted record shows his release date remains January 4, 2018. Immormino Decl. ¶¶ 1, 10. The record is without support for Sarad's claimed harm. Sarad has not met his burden with respect to the requested injunction.

The motion is DENIED to the extent it is styled as a request for an emergency injunction.

/////

/////

IV. CONCLUSION

For the reasons discussed above, Sarad's motion is DENIED in full.

IT IS SO ORDERED.

This resolves ECF No. 140.

DATED: January 8, 2018.

UNITED STATES DISTRICT JUDGE